# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: D.J. & H.J.**

**No. 14-0161** (Calhoun County 13-JA-23 & 13-JA-24)

**FILED**

June 16, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Justin White, appeals the Circuit Court of Calhoun County's January 21, 2014, order terminating her parental rights to the children, D.J. and H.J. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Tony Morgan, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion to reinstate her post-adjudicatory improvement period and in terminating her parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner failed to protect the children from the father, who was operating a clandestine drug lab and also physically abusing the children. Further, the petition alleged that petitioner failed to properly supervise the children, provided them tobacco products, and also allowed drug users in her home, which amounted to abusing the children both emotionally and psychologically. Finally, the DHHR alleged that petitioner had anger issues that manifested in threatening prior boyfriends and resulted in at least one domestic violence protective order being filed against her.

Petitioner was initially permitted to retain physical custody of the children, but the DHHR later filed an amended petition alleging that petitioner tested positive for methamphetamines and was abusing drugs while caring for the children. As such, physical custody was transferred to the DHHR. At the adjudicatory hearing in August of 2013, petitioner

---

[1]Petitioner's assignment of error on appeal additionally alleges that the circuit court's decisions to deny the motion for reinstatement of the post-adjudicatory improvement period and terminate her parental rights were based upon "clearly erroneous findings of fact and conclusions of law." However, petitioner fails to identify any allegedly erroneous findings and conclusions and provides no argument in support of this allegation. As such, pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, the Court will disregard this error because it is "not adequately supported by specific references to the record on appeal."

stipulated to allegations in the petition, including a history of substance abuse, anger management issues, and failure to protect the children. After being adjudicated as an abusing parent, petitioner filed a motion for a post-adjudicatory improvement period and the circuit court granted the same.

In November of 2013, the DHHR filed a motion to terminate petitioner's improvement period and a notice to seek termination of her parental rights. According to the DHHR, petitioner failed to comply with the family case plan and effectively abandoned her improvement period. On December 2, 2013, the circuit court held a hearing on the DHHR's motion and found that petitioner had made no effort to comply with the improvement period since September 10, 2013, including her failure to attend visitation with her children or complete required drug screens. As such, the circuit court revoked petitioner's improvement period. The circuit court then held a dispositional hearing on December 20, 2013, during which petitioner moved to have her improvement period reinstated. The circuit court denied that motion and terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner's motion to reinstate her post-adjudicatory improvement period or in terminating petitioner's parental rights.

Pursuant to West Virginia Code § 49-6-12, a parent seeking an improvement period has the burden to demonstrate that they are likely to fully participate in the improvement period. In the instant case, the circuit court had already been presented with overwhelming evidence of petitioner's non-compliance with the terms of her post-adjudicatory improvement period during the hearing on the DHHR's motion to terminate the same. This included her failure to visit with the children since September of 2013, failure to attend mandatory drug screens, lack of attendance for services, and lack of contact with the DHHR. Further, in denying her motion to reinstate the improvement period, the circuit court noted that petitioner "offered no evidence to support her motion. . . ." As such, it is clear that petitioner failed to establish that she was likely

to fully participate in an improvement period, and the circuit court did not abuse its discretion in denying her motion to reinstate the post-adjudicatory improvement period.

As to termination of petitioner's parental rights, the circuit court specifically found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of parental rights was necessary for the children's welfare. Specifically, relying on the evidence outlined above, the circuit court found that petitioner failed to respond to or follow through with the reasonable family case plan, which is a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future according to West Virginia Code § 49-6-5(b)(3). It is clear that the circuit court had sufficient evidence upon which to make these findings, and circuit courts are directed to terminate parental rights upon the same, pursuant to West Virginia Code § 49-6-5(a)(6). As such, the Court finds no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 21, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II